IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA P. BRAITHWAITE,

                Plaintiff,

   v.

HEATHER SCHWENN, CHESTNUT,
KIMBLER, SCHWARTZ, CAPT.
LEFFLER, CAPT. TAYLOR, CIRIAN,                OPINION and ORDER
BOUGHTON, STOUDT, SGT. MUTIVA,
SGT. MELLEN, MS. RAY, J. PAYNE,                   22-cv-643-wmc[1]
W. BROWN, C/O PAYNE, C/O WEBSTER,
C/O CASTEL, C/O HAGENSICH,
RACHEL SCHERTZ, ALISSA THEBO,
JASON MCHUGH, KRYSTYNE GEHLKE,
MARK MELENDEZ, and C/O SCHNEIDER,

                Defendants.

---

Pro se plaintiff Joshua Braithwaite contends that Wisconsin Secure Program Facility (WSPF) staff violated his constitutional rights in 2021 when they placed him naked in an observation cell in view of female staff members and then punished him for masturbating in view of staff. The next step is to screen his complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. When screening a pro se litigant's complaint, I construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

---

[1] I am exercising jurisdiction over this case for purposes of screening only.

I will dismiss Braithwaite's complaint for failure to state a claim upon which relief can be granted. But I will give him a short time to file an amended complaint that fixes the problems I identify in this order.

Braithwaite has also filed a motion for a preliminary injunction. Dkt. 8. I will deny that motion without prejudice.

ALLEGATIONS OF FACT

For the purposes of screening, I draw the following allegations from the complaint and accept them as true.

Braithwaite has a history of severe mental health illness. Braithwaite has problems resisting the urge to relieve stress by cutting himself and engaging in other self-destructive behavior. He consistently works with Psychological Service Unit (PSU) staff to address his ongoing mental health challenges.

In February of 2021, Braithwaite had a mental health breakdown and cut himself with a razorblade. Staff transported him to an emergency room where he received sutures. Upon his return to WSPF, staff searched him, and PSU staff directed that he be placed on observation status, which requires staff to check on him every 15 minutes. PSU staff also directed that Braithwaite receive a kilt for privacy, a washcloth, and soap. Braithwaite did not receive any items to cover himself while he was using the toilet, showering, or masturbating. Because it was against policy to cover cell windows, inmates on observation status necessarily expose themselves to female staff members.

On February 7, defendant Kassandra Kimber, a female officer, and a male officer checked on Braithwaite. They observed that he was masturbating in his cell. Kimber charged

2

Braithwaite in a conduct report with sexual misconduct. Braithwaite challenged the charge in a hearing. He was not allowed to call witnesses. The hearing officer, defendant Captain Leffler, found him guilty of exposing himself to another person for the purpose of sexual arousal or gratification. Braithwaite contends that nothing in the conduct report charge or the hearing supported that guilty finding. Braithwaite was punished with 90 days of segregation. Braithwaite filed a Prison Rape Elimination Act (PREA) complaint after this incident, which he says defendant Cirian failed to investigate.

When Braithwaite was in segregation, he was on a paper restriction, so he did not have access to his paperwork related to the conduct report. Multiple defendants (Mutiva, Webster, Payne, Brown, Casteel, Hagensick, Schneider, and Mellen) denied him access to his paperwork even though he told them that he needed it to appeal his conduct report. Braithwaite says that defendants Boughton and Inmate Complaint Examiners Ellen Ray and J. Payne denied him relief because he filed his inmate complaint too late.

On September 14, defendant Krystal Chestnut charged Braithwaite in a second conduct report, also charging him with sexual misconduct for masturbating in his cell. Braithwaite states that defendants Heather Schwenn, Krystal Chestnut, Nicole Schwartz, and Rachel Schertz all violated policy by viewing his genitalia. He also says that Chestnut and Schwartz bragged to staff that he was being punished for sexual misconduct. Braithwaite was found guilty of the charge. Braithwaite contends that defendants Stoudt, Cirian, Gerke, and McHugh failed to dismiss the conduct report or discipline staff who violated policy, and that defendants Cooper and Boughton violated the policy prohibiting persons of the opposite gender from viewing nude inmates. Braithwaite was punished with 120 days of segregation.

ANALYSIS

**A. Screening**

Braithwaite seeks to proceed under the Eighth, Fourteenth, Fourth, and First Amendments.

**1. Eighth Amendment**

The Eighth Amendment's prohibition on cruel and unusual punishment prohibits prison officials from acting with conscious disregard to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976); *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014). A prisoner states an Eighth Amendment claim based on deficient medical care by alleging that (1) he has an objectively serious medical condition; (2) defendants knew that he had a serious medical condition that required treatment; and (3) defendants disregarded his serious medical condition by failing to take reasonable measures to address it. *Arnett*, 658 F.3d at 750; *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

Braithwaite cites the Eighth Amendment with respect to his serious psychological and medical needs. Although I accept that his mental health needs present a serious medical need, Braithwaite does not state an Eighth Amendment claim against any of the defendants. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this rule is fair notice. The constitutional claims Braithwaite is pursuing must be based on a defendant's personal involvement in the constitutional violation. *See Gentry v. Ducksworth*, 65 F.3d 555, 561 (7th Cir. 1995). This means that for the defendants to have fair notice of Braithwaite's claims against them, they must be able to understand what Braithwaite alleges that they each did to

4

violate his rights. Because none of the defendants are alleged to have consciously disregarded Braithwaite's mental health needs, he may not proceed under the Eighth Amendment.

### 2. Fourteenth Amendment due process

I understand Braithwaite to contend that both conduct reports violated his Fourteenth Amendment right to due process. In certain circumstances, problems in inmate disciplinary proceedings can state a claim for relief under the Due Process Clause of the Fourteenth Amendment. To prevail on a procedural due process claim, a plaintiff must demonstrate that he: (1) has a cognizable property or liberty interest; (2) has suffered a deprivation of that interest; and (3) was denied due process. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). The Supreme Court has explained that a prisoner's cognizable liberty interests "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483–484 (1995).

Braithwaite challenges the procedures during both conduct report proceedings. But his allegations about the February 2021 conduct report do not indicate that he was subjected to an atypical and significant hardship. Inmates do not have a protected interest in avoiding short-term placement in segregated settings. For that first conduct report Braithwaite was punished with 90 days of segregation, which does not alone trigger due process protections. *See, e.g.*, *Lekas v. Briley*, 405 F.3d 602, 611-12 (7th Cir. 2005) (90 day period in segregation did not implicate liberty interest because conditions were not atypical and significant to alter the nature of confinement); *Castillo v. Johnson*, 592 F. App'x 499, 502 (7th Cir. 2014) (two months in supermax conditions not long enough to create liberty interest); *compare Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697–98 (7th Cir. 2009) (prisoner's confinement in segregation for

240 days may implicate liberty interest). Therefore, Braithwaite fails to state a Fourteenth Amendment due process claim as to that first conduct report.

As for the second conduct report, Braithwaite was punished with 120 days of segregation. I will accept for screening purposes that that length of time in segregation deprived him of a liberty interest. But Braithwaite's due process claim fails at the second element. Prisoners have limited due process rights when challenging the procedures placing them in segregation: they are "entitled to informal, nonadversarial due process." *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012) (citing *Wilkinson v. Austin*, 545 U.S. 209, 211–12 (2005); *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)). This requires some notice of the reasons for the inmate's placement, time to prepare for the administrative review, and an opportunity to present his views to a neutral decisionmaker. *Westefer*, 682 F.3d at 684–85. Braithwaite challenges certain defendants' failure to dismiss the conduct report. But he does not identify any procedural defect in their review of his conduct report, so there is no reason to infer that he did not receive the informal procedures to which he was entitled. Therefore, Braithwaite may not proceed against any defendant on a due process claim.

### 3. Fourth Amendment privacy

Braithwaite contends that allowing female staff to view his naked body violated his right to privacy under the Fourth Amendment. The Seventh Circuit has held that the Fourth Amendment "protects (in a severely limited way) an inmate's right to bodily privacy during visual inspections, subject to reasonable instructions and the realities of incarceration often demand." *Henry v. Hulett*, 969 F.3d 769, 779 (7th Cir. 2020) (citations omitted). More specifically, the Fourth Amendment "protects prisoners from searches that may be related to

or serve some institutional objective, but where guards nevertheless perform the searches in an unreasonable manner, in an unreasonable place, or for an unreasonable purpose." *Id.* at 781.

Braithwaite does not challenge a strip search, but I will accept for screening purposes that *Henry* applies here because his placement in observation status allowed female staff to view him naked. Even so, Braithwaite does not state a Fourth Amendment claim. He was held in segregation following an incident of severe self-harm that required emergency treatment, and PSU staff determined that he should be monitored every 15 minutes and could not have access to property or clothing. These restrictions bore a reasonable relationship to a concern that he would self-harm again.

Despite the apparent safety concern, Braithwaite still contends that defendants violated his privacy rights, and he cites DAI Policy #410.40.2 in support. But that policy provides that inmates should be able to shower, perform bodily functions and change clothing without employees of the opposite gender viewing their genitalia "except in exigent circumstances or when such viewing is incidental to routine call checks or security rounds." *See* Dkt. 8-1, at 1. None of the defendants violated that policy. Braithwaite says that Kimber was conducting an observation check when she came upon him masturbating in his cell, and Braithwaite does not allege that Schwenn, Chestnut, Schwartz, or Schertz observed him for any reason other than conducting checks on him. Even if one of the defendants did not strictly adhere to that policy by walking by his cell more than every 15 minutes, violation of a policy or procedure alone does not support a constitutional violation. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 380 (7th Cir. 2017) (failing to follow nurse protocols did not establish an Eighth Amendment violation, since "[n]othing in the U.S. Constitution required [defendant] to follow INDOC's policies."); *Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) ("An agency's failure

7

to follow its own regulations does not rise to the level of a constitutional violation unless the regulations themselves are compelled by the Constitution.") (citations omitted). Because Braithwaite's allegations do not suggest that any female staff viewed his genitalia for any reason other than safety checks or because they were conducting routine security, he does not state a Fourth Amendment claim against any of the defendants who checked on him while he was naked in segregation.

Braithwaite also contends that Cooper and Boughton failed to follow the policy prohibiting staff of the oppose gender from viewing nude inmates, and that Cirian failed to investigate his PREA complaint. But Braithwaite has not alleged that either Cooper or Boughton knew that WSPF staff were violating any policies governing staff interactions with nude inmates. Nor has Braithwaite alleged what he complained about to Cirian in his PREA complaint. And there is no private cause of action under the PREA. *See J.K.J. v. Polk Cnty.*, Nos. 15-cv-428-wmc, 15-cv-433-wmc, 2017 WL 28093, at *12 (W.D. Wis. Jan. 3, 2017). Therefore, Braithwaite does not state a Fourth Amendment claim against Cooper, Boughton, or Cirian.

### 4. First Amendment retaliation

Braithwaite contends that defendants retaliated against him when they charged him in a conduct report and confiscated hygiene and canteen items. To establish a First Amendment retaliation claim, a plaintiff must allege that: (1) he engaged in activity protected by the First Amendment; (2) the defendant took actions that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) the First Amendment activity was at least a "motivating factor" in the defendant's decision to take those actions. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Braithwaite states in one sentence that he was retaliated against for making verbal or written complaints, which does not state a retaliation claim. Although I accept that his complaints may be constitutionally protected, his retaliation claims fail at the second and third elements because none of the defendants knew about his complaints, and Braithwaite does not identify what adverse action any individual defendant took that was intended to punish him for making complaints. Braithwaite's failure to detail what each defendant knew about his verbal or written complaints when they took action against him dooms his retaliation claim.

Braithwaite fails to state a federal claim. Consistent with circuit practice, I will dismiss his complaint without prejudice and give him a short time to submit an amended complaint that will replace his first complaint. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) (cautioning against dismissing a pro se plaintiff's case without giving the plaintiff a chance to amend). Braithwaite should prepare his amended complaint using the court's complaint form, which I will direct the clerk of court to send him. If Braithwaite files an amended complaint, I will screen the allegations to determine whether they state a claim upon which relief may be granted. If he does not submit an amended complaint by the date below, this case will be closed for his failure to prosecute it.

**B. Braithwaite's motions**

Braithwaite seeks injunctive relief to prevent female staff from viewing his genitalia while he is in segregation. Dkt. 8. A preliminary injunction is an extraordinary remedy that a court may grant only after the plaintiff makes a clear showing that he is entitled to relief. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22 (2008).

Braithwaite says that he is being held in conditions in which female staff have been able to view his genitalia. He further represents that he recently was charged in a conduct report

9

because he was masturbating in the middle of the night, at a time he did not realize staff were present. Braithwaite does not state a claim related to the conduct reports he received for masturbating, and his allegations do not support a claim that WSPF staff are violating his right to privacy. Therefore, he has not shown that he is entitled to the extraordinary relief he seeks. I will deny this motion without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Joshua Braithwaite's complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

2. Plaintiff may have until March 15, 2023, to file an amended complaint. Plaintiff must file his amended complaint using the court's prisoner complaint form, which the court will send him along with this order.

3. Plaintiff's motion for injunctive relief, Dkt. 8, is DENIED without prejudice.

Entered February 22, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge